Gkeen, J.
delivered the opinion of the court.
The only question that we need notice in this case is, whether Packet, who has beeft discharged in bankruptcy, is liable ofi the guardian bond as one of the securities for J. R. Garret, the former guardian of complainant. And we think he is not.
The first section of the bankrupt law provides, that “all persons whatsoever residing in any State, District or Territory of the United States, owing debts which shall not have been created in consequence of any defalcation as a public officer, or as executor, or administrator, or guardian, or trustee, or while acting in any other fiduciary character, who shall petition, &c., shall be deemed a bankrupt within the provision of this act, and may be so declared accordingly by a decree of such court.”
Neither the words nor méaning of this act excepts the sureties of a guardian, executor, &c., from its benefits. It excludes from its benefits those who have become debtors, in consequence of a defalcation while acting in a fiduciary capacity. The surety does not act in a fiduciary capacity, he does nothing in connexion with the transaction but execute the bond. Whatever plausible ground might exist for excluding the surety by the words “in consequence of any defalcation,” &c., it is entirely removed by the subsequent words “while acting in any other fiduciary capacity,” thereby making it plain, that the party so acting and becoming indebted thereby, is alone excluded.
The last proviso of the second section, “that nothing in this act contained shall be construed to annul, destroy or impair any lawful rights of married women, or minors, or liens, or mortgages, &c., which may be valid by the laws of the State respectively, and which are not inconsistent with the provisions of the second and fifth sections of this act,” does effect this question. This provision was inserted to avoid interfering with the peculiar legislation of any of the States upon the subjects enumerated, where such legislation might not be inconsistent with the provisions of this act.
The exception out of the operation of the bankrupt law of *173 debts which have been, created in consequence of a defalcation as a public officer, or as executor, or administrator, or guardian, trustee, or while acting in any other fiduciary capacity, was intended to act as an incentive to faithfulness in the discharge of such trusts.
Debts created while acting in a fiduciary capacity, were deemed by Congress to create a higher obligation than existed in relation to debts created in the ordinary traffic and business of life, because in the former a peculiar trust and confidence is reposed, and the very existence pf the defalcation implies a breach of that trust, and consequently, some decree of moral turpitude. Whereas the latter are the ordinary results of one’s every day’s business, existing with perfect honesty, and which a man may be rendered unable to pay without a fault. Hence, while the law provided for his discharge from these, it enacted that as to those, the obligation should still continue, that thus reprobating all unfaithfulness in public trusts and refusing to such guilty debtors, a boon which was granted to all other debtors, persons acting in fiduciary capacity might be excited to faithfulness or punished if defaulters.
But these reasons can have no application to the surety in such case. So far as he is concerned the debt is no more sacred than other liabilities. . This liability to pay for any defalcation will stimulate him to use all the means in his power to prevent it, and he needs no excitement from the discrimination of this law, and if he is punished, it is inflicted for a crime he did not commit and could not have prevented. '
We think, therefore, that neither the letter nor the spirit of this law, excludes the surety of a guardian from pleading his certificate , of discharge to a suit for the default of such guardian.
The decree must be reversed and the defendant Pucket discharged from liability.